REISS v. SHAW, Sheriff.*

Circuit Court of Appeals, Eighth Circuit. November 17, 1928.

No. 8113.

James E. Carroll, of St. Louis, Mo., for appellant.

Maurice P. Phillips, of St. Louis, Mo. (Jacob M. Lashly and Holland, Lashly & Donnell, all of St. Louis, Mo., on the brief), for appellee.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

POLLOCK, District Judge. This is a proceeding for a writ of habeas corpus. The facts disclosed by the record, necessary to decision, may be briefly summarized as follows:

In a proceeding in bankruptcy brought and pending in the District Court of the Eastern District of Missouri, appellant herein, on an involuntary petition in bankruptcy filed against him, was duly adjudged a bankrupt in case No. 4151 in bankruptcy. One Joseph Reardon was duly named as trustee in bankruptcy of his estate, who, on or about December 11, 1924, filed in the bankruptcy case and court an application for an order on the bankrupt to summarily turn over to him as trustee certain specified property alleged to belong among the assets of the bankruptcy estate, and to be in the possession and under the control of the bankrupt, the properties being alleged to be of the value of more than $28,000, or the proceeds of the property to be in the hands of the bankrupt. In response to this application the bankrupt answered fully, and after full hearing the referee in bankruptcy found there was in the possession of the bankrupt the sum of $27,350, assets of the bankrupt estate, and entered an order on the bankrupt to turn over this sum of money to the trustee within 10 days of the date of this order.

The bankrupt petitioned the District Court sitting in bankruptcy for a review of this order, which was had, and the petition for review was by the court denied, and the order of the referee confirmed. From this order of the court the bankrupt prosecuted a petition to this court to revise and reverse the order of the referee in the trial court. After full hearing and argument, this court denied the petition to revise said order. See, Reiss v. Reardon, 18 F.(2d) 200. After all these steps had been fully completed, and the turn-over order entered by the referee had been fully reviewed and affirmed, and had become absolute and final, in June, 1927, the bankrupt, not having complied with or performed this absolute and unconditional order to turn over the said sum of money, on application of the trustee, was by the trial court determined to be guilty of a deliberate and willful contempt of the court and was again directed to pay over said sum of money forthwith, or he be by the marshal of the court incarcerated in the county jail of Warren county, Missouri, until he should comply with said order. Being so confined in execution of said order by the keeper of the jail, the sheriff of Warren county, he brings this proceeding to procure his release on writ of habeas corpus.

To the petition for the writ the sheriff responded, justifying his detention and imprisonment of the bankrupt under the order of his commitment as above stated. This response was demurred to, demurrer overruled, and then fully answered by a long recital of the previous proceeding theretofore had, and on June 10, 1927, on the petition for the writ, the response of the sheriff, and the answer of the bankrupt to the response, the answer admitting the bankrupt had not complied with the absolute mandatory turn-over order of the court, the bankrupt being at large and on bond, was recommitted to the custody of the marshal, to be incarcerated as commanded by the court in the execution of the judgment against him, and the writ was denied. From this order the bankrupt again applies to this court.

*Rehearing denied February 25, 1929.

This somewhat lengthy statement of the former proceedings in the bankruptcy case, and against the bankrupt, has been made for the purpose of showing there is not, and cannot be under the circumstances of this case, any plausible legal ground found as a basis for the writ prayed. The purpose of petitioning for a writ of habeas corpus is not to obtain a review of prior proceedings in the case, but to bring before the court the fact that the court entering the order or judgment being enforced against the petitioner was wholly without jurisdiction or power to enter or cause to be entered the judgment or order of which he complains. The fact that the judgment or order is erroneous is of no concern, for jurisdiction of a court to proceed in a cause against a person includes just as absolute jurisdiction to enter an erroneous judgment or order, and to enforce it, until reversed or revised as by law provided, as it does to enter and enforce a correct or valid order or judgment.

From the facts and proceedings above recited, it is made entirely clear there can be not the slightest ground in this case to claim any want of jurisdiction in the court over the subject-matter of the controversy or of the person of petitioner. This being true, there is no basis for asking the writ, nor power in the court to grant it. The matters of which complaint is made are matters already passed to final judgment or decree in this case, and hence are the law of the case.

The order of the trial court must be and is affirmed.